IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| George W. Keenan<br>    Plaintiff, | )<br>)<br>) | |
| v. | ) | 1:19cv1399 (TSE/TCB) |
| Julie L. Jones, et al.,<br>    Defendants. | )<br>)<br>)<br>) | |

MEMORANDUM OPINION

Plaintiff George W. Keenan is a Florida inmate housed within the Virginia Department of Corrections (VDOC) pursuant to an Interstate Corrections Compact. He has filed a pro se civil action under 42 U.S.C. § 1983, against numerous VDOC personnel and the Secretary of the Florida Department of Corrections (FDOC), claiming that they collectively acted with deliberate indifference to his serious medical need. The VDOC defendants have moved to dismiss the claims against them.[1] [Dkt. Nos. 40, 43, 45]. Plaintiff has received the notice required by Local Civil Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) [Dkt. Nos. 42, 43, 45], and he opposes defendants' motions [Dkt. No. 52]. For the reasons explained below, only the Eighth Amendment claim against Dr. Campbell plausibly alleges a claim for relief. Therefore, Dr. Campbell's motion to dismiss must be denied. The motions to dismiss filed by the remaining five defendants must be granted, and the claims against them shall be dismissed.

I. Background

The operative complaint alleges that Plaintiff, who was housed at St. Brides Correctional Center at all relevant times, was denied treatment for Hepatitis C from the time the infection was detected in 2015, up until at least the time he filed this lawsuit on February 8, 2019. [Dkt. Nos. 1,

---

[1] The remaining defendant, Julie L. Jones, the former Secretary of the FDOC, has yet to appear in this lawsuit. [Dkt. No. 53].

19]. In particular, plaintiff alleges that DAA drugs, which cure Hepatitis C, have not been provided to him, and that a fibroscan has not been conducted to determine the extent of damage to his liver. [Dkt. No. 19 ¶¶ 21].

Plaintiff alleges that he first sought treatment at St. Brides Correctional Center on December 9, 2015, but the FDOC—which must approve treatments for its inmates housed within the VDOC pursuant to the Interstate Corrections Compact—denied the request. [Id. ¶ 24]. Plaintiff says that afterwards, defendant Dr. Campbell "took no further steps and stated he will monitor on site." [Id.]. Attached to the original complaint is an Out-Of-State Medical Pre-Authorization Request form for Interstate Corrections Compact Inmates, filled out on behalf of Plaintiff on August 2, 2017, in which Dr. Campbell requests a Fibroscan, which, the doctor adds, is "required as part of Hepatitis C treatment work-up." [Dkt. No. 1, Ex. C]. The preauthorization form also notes that Plaintiff's "[l]ab results" had shown an increase in his Fibrosis score and that he had not received any previous treatment. [Id.]. The FDOC denied the request in October 2017. [Id.]. When defendant Crystal Allen, the Facility Health Authority at St. Bride's Correctional Center, was notified on October 17, 2017, that the FDOC denied the treatment request, she was instructed by a VDOC caseworker that "we do not have jurisdiction over his outside medical treatment. His concerns should be addressed with Florida." [Id.].

Plaintiff has provided the relevant language in the Interstate Corrections Compact pertaining to medical services:

> Inmates from the sending state shall receive such medical, psychiatric, and dental treatment as may be necessary to safeguard their health . . . Unless an emergency is involved, the receiving state shall contact the sending state for advance authority in writing before incurring medical, psychiatric, or dental expense for which the sending state is responsible under the terms of this contract. In an emergency, the receiving state may proceed with the necessary treatment without prior authority, but in every such case the receiving state shall notify the sending

>state immediately and furnish full information regarding the nature of the illness, the type of treatment to be provided and the estimated cost thereof.

[Dkt. No. 1, Ex. D].

Also attached to the original complaint are Plaintiff's grievances related to his pursuit of treatment for Hepatitis C while confined at St. Bride's Correctional Center. Plaintiff submitted an informal complaint to defendant Allen on August 16, 2017. [Dkt. No. 1, Ex. A]. She responded the next day that she was awaiting a response from the FDOC. [Id.]. Plaintiff then submitted a formal grievance on August 27, urging the VDOC to treat his condition as emergent—given that Hepatitis C is deadly if untreated—and, thus, forgo preauthorization from the FDOC. [Id.]. Defendant Warden Cabell determined that the grievance was unfounded, explaining, "[a]t this time your condition is not determined to be emergent." [Id.]. She added that a request to the FDOC for a Fibroscan—a test that "is needed prior to treatment"—had initially been made and denied in December 2015; had been renewed on August 2, 2017; and a response had not yet been received. [Id.]. Plaintiff appealed that resolution, but VDOC's Health Services Director, defendant Dr. Amonette, denied the appeal on October 10, 2017, because "[it] is reported by Nurse Allen that you [sic] pending approval for further diagnostic testing," and "it is further reported that your condition is being monitored at the facility." [Id.]. On January 10, 2018, Plaintiff submitted an offender request inquiring about a fibroscan. [Id., Ex. C]. Nurse Allen replied, informing Plaintiff that the FDOC denied approval for the test. [Id.]. Plaintiff alleges that he continued to seek medical treatment at St. Brides Correctional Center throughout 2018, but the prison did not renew requests with the FDOC. [Dkt. No. 19 ¶ 30].

On February 8, 2019—after years of not receiving Hepatitis C treatment—plaintiff filed this lawsuit against VDOC Director Harold W. Clarke, VDOC Chief of Corrections A. David Robinson, VDOC Chief Physician Dr. Amonette, former St. Bride's Correctional Center Warden

3

Beth Cabell, Nurse Crystal Allen, Dr. Charles Campbell, and FDOC Secretary Julie L. Jones.[2] Plaintiff claims that the defendants acted with deliberate indifference to his serious medical need: treatment for Hepatitis C. He contends that without testing and treatment, he risks suffering from liver failure, liver cancer, and death.

## II. Standard of Review

The VDOC defendants have moved to dismiss the complaint. A plaintiff can survive a motion to dismiss only if the complaint alleges sufficient facts "to state a claim to relief that is plausible on its face." Bing v. Brivo Sys., 959 F.3d 605, 616 (4th Cir. 2020) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In evaluating a motion to dismiss, the complaint's factual allegations are accepted as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). When a complaint is filed by a litigant proceeding pro se, like the Plaintiff here, the allegations must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Id. In addition to the allegations set forth in the complaint, exhibits attached to the complaint may be considered. See Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 165–66 (4th Cir. 2016); Fed. R. Civ. P. 10(c).

## III. Analysis

Plaintiff claims that the defendants violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical need. An inmate alleges deliberate indifference by showing that (1) he has a serious medical condition that has been "diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," and (2) the defendant "had actual knowledge of the plaintiff's serious medical needs and the related risks, but nevertheless disregarded them." Gordon v. Schilling, 937

---

[2] Plaintiff also sued Armor Correctional Health Services and Corizon Correctional Care, but the claims against those entities were dismissed by Order dated March 24, 2020. [Dkt. No. 27].

F.3d 348, 356–57 (4th Cir. 2019) (internal quotation marks, citations, and brackets omitted). Significant delays in medical care are actionable as well, but only "if the delay results in some substantial harm to the patient." See Webb v. Hamidullah, 281 F. App'x 159, 166 & n.13 (4th Cir. 2008) (collecting cases).

### A) Claims against Defendants Clarke and Robinson

Plaintiff alleges that VDOC Director Harold W. Clarke and VDOC Chief of Corrections Operations A. David Robinson are liable for violating his Eighth Amendment rights because the two "make the necessary decisions to guarantee Plaintiff receives treatment," notwithstanding that Plaintiff, a Florida inmate, is housed within the VDOC pursuant to an Interstate Corrections Compact. [Dkt. No. 19 ¶ 35]. Plaintiff adds that the policies underlying the Interstate Corrections Compact have unnecessarily delayed his treatment for Hepatitis C, and that the two officials are responsible for arranging specialized medical care. [Id. ¶¶ 47–48].

The defendants argue that Plaintiff has failed to allege a plausible claim showing direct personal involvement by Clarke and Robinson. The defendants are correct. To be liable under § 1983, a complaint must allege that the defendants "had personal knowledge of and involvement in the alleged deprivation of [Plaintiff's] rights." See Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985). Here, the complaint attributes no individual behavior or knowledge of Plaintiff's condition to either defendant. The claims against Clarke and Robinson in their individual capacities therefore must be dismissed.

To the extent Plaintiff seeks to hold Clarke and Robinson accountable under a theory of supervisory liability, that avenue, too, is a dead end. To state a claim for relief based on supervisory liability, the complaint must allege facts demonstrating that (1) each supervisory official "knew that [a] subordinate was engaged in conduct that posed a pervasive and

5

unreasonable risk of constitutional injury"; (2) each supervisory official responded in a manner that "showed deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) "there was an affirmative causal link between [each supervisor's] inaction and the constitutional injury." Id. at 224 (internal quotation marks and citation omitted). Plaintiff cannot state a claim for relief under this theory because he has not alleged that Clarke or Robinson were aware that the VDOC was withholding certain Hepatitis C treatment until the FDOC authorized it. Accordingly, the Eighth Amendment claims against Clarke and Robinson must be dismissed.

### B) Claims against Defendants Dr. Amonette and Former-Warden Beth Cabell

Plaintiff alleges that the Dr. Amonette and Beth Cabell acted with deliberate indifference to his serious medical need, namely in finding his grievances unfounded. Defendants argue that this claim is not actionable under § 1983.

The allegations charging unconstitutional misconduct against Dr. Amonette and former-Warden Cabell do not state a claim for relief under § 1983. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (internal citations omitted); see also Graham v. Aponte, No. 1:08cv308, 2009 WL 249779, at *4 & n.4 (E.D. Va. Feb. 2, 2009) (finding no deliberate indifference on part of defendant whose only involvement was responding to plaintiff's request for administrative remedy); Gupton v. Wright, No. 7:15cv214, 2016 WL 524656, at *3 (W.D. Va. Feb. 8, 2016) (opining that § 1983 claims "concern[ing] nothing more than the responses" individual defendants "made to [plaintiff's] grievances and appeals . . . do not implicate any constitutionally protected right"). To the extent Plaintiff seeks to impose supervisory liability, his claim is equally deficient. "[A] superior's after-the-fact denial of a grievance falls far short of

6

establishing § 1983 liability." DePaola v. Ray, No. 7:12cv139, 2013 WL 4451236, at *8 (W.D. Va. July 22, 2013) (citing Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006)). Thus, the claims against Dr. Amonette and Cabell must be dismissed.

### C) Claims against Dr. Campbell and Crystal Allen

#### i. Statute of Limitations

Defendants Dr. Campbell and Crystal Allen argue first that Plaintiff's Eighth Amendment claims stemming from allegations occurring before February 8, 2017—two years before Plaintiff filed this lawsuit—are barred by the statute of limitations. Plaintiff counters that the continuing violation doctrine renders his claim timely.

No portion of Plaintiff's Eighth Amendment claim against Dr. Campbell and Crystal Allen is barred by the statute of limitations because Plaintiff has alleged a continuing violation of his constitutional rights. In § 1983 actions, federal courts apply the statute of limitations and tolling provisions of the state in which the alleged injury occurred. Battle v. Ledford, 912 F.3d 708, 713 (4th Cir. 2019). In Virginia, where St. Bride's Correctional Center is located, the applicable limitations period is the two-year period for personal injury claims. See DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018) (citing Va. Code § 8.01-243(A)). The continuing violation doctrine applies when a prisoner "identif[ies] a series of acts or omissions that demonstrate deliberate indifference to a serious, ongoing medical need." Id. at 487. In that event, "[t]he statute of limitations does not begin to run on such a claim for a continuing violation of a prisoner's Eighth Amendment rights until the date, if any, on which adequate treatment was provided." Id. Here, Plaintiff alleges that he was diagnosed with Hepatitis C in 2015, yet was denied treatment by Dr. Campbell and Crystal Allen at least up until he filed the complaint in this action, despite still suffering from the disease. That is sufficient for Plaintiff to state a

continuing violation of his constitutional rights. See id. at 487–88 (holding that continuing violation doctrine applied to allegation that inmate, who repeatedly sought mental health treatment at prison for an ongoing mental illness, was denied treatment before and during limitations period).

### ii. Eighth Amendment Claim against Crystal Allen

Plaintiff alleges that defendant Allen responded to numerous grievances, relaying that the FDOC must approve any treatment for his Hepatitis C. Although Plaintiff contends that, as the prison's "Medical Authority," she is responsible for ensuring that "offenders have timely access to and are provided adequate healthcare services," [Dkt. No. 19 ¶ 7], Plaintiff's claim ultimately boils down to nothing more his dissatisfaction with her grievance responses. As discussed above, such a claim is not actionable under § 1983.

### iii. Eighth Amendment Claim against Dr. Campbell

Finally, Plaintiff claims that Dr. Campbell violated his Eighth Amendment rights because the doctor has not treated his Hepatitis C since the diagnosis in 2015. Specifically, Plaintiff claims that after the FDOC first denied a request for treatment in December 2015, Dr. Campbell "took no further steps" to treat the disease and only monitored the condition. It was not until August 2, 2017, that the doctor again sought permission from the FDOC to treat Plaintiff's Hepatitis C—a request the FDOC denied. Plaintiff contends that Dr. Campbell acted with deliberate indifference to his Hepatitis C infection by delaying and withholding treatment until the FDOC would authorize it.

Plaintiff has stated an Eighth Amendment claim against Dr. Campbell. Plaintiff alleges that since he was diagnosed, he continues to suffer the symptoms of untreated Hepatitis C, while Dr. Campbell merely monitors his condition, via bloodwork, but does not treat it. Plaintiff further

alleges that his bloodwork continues to return abnormal, worsening results; that he continues to experience "extreme fatigue, headaches, heartburn, abdominal discomfort, swelling of the abdomen, stress, weight gain, loss of breath when bending over, and mental distress"; and that, without treatment, he risks developing cirrhosis, liver failure, and death. [Dkt. No. 19 ¶¶ 15–17].

Dr. Campbell counters that his hands have been tied by the Interstate Corrections Compact and that, at most, his conclusion that Plaintiff's condition was not emergent, and providing medical care through conducting lab work only, amounts to medical malpractice. But without *evidence* related to Plaintiff's condition during that period, such as the lab work interpreted by physician testimony, it cannot be concluded as matter of law that Dr. Campbell's conclusion was medical malpractice, or, rather, "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness," that it amounts to deliberate indifference. See Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990); see also Ibrahim v. District of Columbia, 463 F.3d 3, 6–7 (D.C. Cir. 2006) (concluding, for purposes of determining whether plaintiff met the "imminent danger" exception to the Prison Litigation Reform Act's three-strikes provision, that "failure to provide adequate treatment for Hepatitis C, a chronic and potentially fatal disease, constitutes 'imminent danger.'"). For instance, in Gordon v. Schilling, the Fourth Circuit observed that a prison's health services director could be liable for deliberate indifference to a serious medical need if a factfinder concluded that the director "repeatedly passed the buck," rather than "seriously considering [the plaintiff's] requests for HCV [Hepatitis C] treatment and endeavoring to discover why he was not receiving it." 937 F.3d 348, 358 (4th Cir. 2019). Here, a factfinder likewise could conclude that Dr. Campbell "passed the buck" onto the FDOC, rather than seriously considering whether Plaintiff's condition had deteriorated such that it could be deemed emergent and treated without the FDOC's approval.

Dr. Campbell additionally argues that Plaintiff has failed to allege a sufficient injury to state a claim for relief. Framing Plaintiff's claim as an allegation that he received delayed care, rather than no care, Dr. Campbell contends that Plaintiff failed to allege a significant injury, such as "lifelong handicap, permanent loss, or considerable and frequent complaints of severe pain." [Dkt. No. 44, at p. 17]. But Plaintiff alleges that he has been denied specific testing to determine the extent of organ damage he has incurred from the lack of medical care. Plaintiff cannot be faulted for failing to allege specific medical harms when part of the basis of the complaint is that he was denied diagnostic testing to determine those medical harms. Thus, because Plaintiff has plausibly alleged that Dr. Campbell acted with deliberate indifference to a serious medical need, Dr. Campbell's motion to dismiss must be denied.

### IV. Conclusion

For the reasons outlined above, and through an Order that will issue alongside this Memorandum Opinion, the motion to dismiss by defendants Clarke, Robinson, Cabell, and Dr. Amonette [Dkt. No. 40] shall be GRANTED; the motion to dismiss by defendant Allen [Dkt. No. 43] shall be GRANTED; and the motion to dismiss by defendant Dr. Campbell [Dkt. No. 45] shall be DENIED.

Entered this 5th day of March 2021.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge